UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GREGORY BOECKEL,

                                        Plaintiff,                    19 Civ. 11234 (PAE)

                        -v-
                                                                      ORDER
LONG ISLAND RAILROAD COMPANY,

                                        Defendant.

---

PAUL A. ENGELMAYER, District Judge:

On July 26, 2021, the Court directed the parties to file any outstanding objections to

exhibits. On August 2, 2021, Gregory Boeckel ("Boeckel") filed objections to Long Island

Railroad Company's ("LIRR") Exhibits B, C, D, E, I, and K. Dkt. 56. On August 9, 2021,

LIRR responded to the objections, while withdrawing exhibits D and E. Dkt. 61. The Court

now resolves the remaining objections.

Exhibit B is an accident report that Boeckel objects to as hearsay. *See* Fed. R. Evid. 801,

802. LIRR responds that the report is admissible under the business records exception, *see* Fed.

R. Evid. 803(6), as it was created during the normal course of LIRR's business. LIRR is correct

that, assuming the necessary foundation is established at trial, the accident report is admissible as

a business record. However, the report contains statements of individuals, which present a

second level of potential hearsay, which must be cleared for these parts of Exhibit B to be

received at trial. Statements by Boeckel within Exhibit B are admissible as statements of a party

opponent, *see* Fed. R. Evid. 801(d). However, the witness statements within Exhibit B by

Andres Martinez and William Gonzales are not admissible on this ground. The Court therefore

excludes these parts of Exhibit B. LIRR states that Martinez's and Gonzales's statements may

prove admissible under the hearsay exception for prior consistent statements offered to rebut a

charge of recent fabrication, *see* Fed. R. Evid. 801(d)(1)(B).  But it is premature to determine

whether that is so as to any part of these statements, let alone them in their entirety.  In the event

that LIRR counsel believes that Boeckel at trial has called into question whether Martinez's and

Gonzales's trial testimony is a recent fabrication, LIRR is at liberty—outside the presence of the

jury—to so argue in support of the admission of the pertinent parts of these witnesses' prior

statements.

Exhibit C is Boeckel's own statement regarding the accident that was taken three days

after the accident.  Boeckel states it is not admissible because it is hearsay.  That is wrong.  This

exhibit is admissible as the statement of a party opponent.  *See* Fed. R. Evid. 801(d).

Exhibit I contains photographs taken of the accident and the area of the accident.  LIRR

submits that the photographs will be properly authenticated at trial, presumably by the person

who took them.  Boeckel argues that they should be excluded because, although they were

attached to the accident report that was produced in discovery, they were not independently

produced.  The Court overrules this objection, as the production in discovery of the photographs

as attachments to the accident report was sufficient.  Provided that they are authenticated at trial,

they will be received in evidence.

Exhibit K is a portion of Boeckel's LIRR medical file.  LIRR seeks to admit only the 12

pages of the file that contain the questionnaire filled out by Boeckel himself.  That portion of the

file is admissible as a statement of a party opponent.  *See* Fed. R. Evid. 801(d).  This ruling is

consistent with the Court's previous resolution of a motion *in limine* by plaintiff to exclude the

medical file because LIRR had failed to produce it during fact discovery, precluding Boeckel

from being able to depose any witness who made statements in the file.  The Court held it would

permit portions of the report to be received, on the condition that fact discovery be reopened for the limited purpose of enabling plaintiff's counsel to depose the medical personal necessary. Dkt. 50 at 10. Boeckel then attempted to take additional depositions, but discovered that one of the doctors listed in the file, Dr. Wishnuff, had since retired; LIRR thereafter proved incapable of securing his deposition testimony for Boeckel. Had LIRR sought to admit statements in the file made by Dr. Wishnuff, the Court would not have permitted such evidence be received, insofar as LIRR's delinquent production of the file had cost Boeckel the opportunity to depose Dr. Wishnuff, thereby making receipt of Dr. Wishnuff's untested statements unfair to Boeckel. This concern, however, does not implicate the questionnaire of Boeckel himself. The Court thus overrules Boeckel's objection to receipt of the questionnaire, which is the only part of the file that the defense plans to offer.

The Court has now resolved all pending motions *in limine* and pretrial objections to trial evidence. The Court will hold a teleconference with the parties to review the logistics of a jury trial in this District given protocols necessitated by COVID-19. The conference will be held on August 16, 2021 at 2 pm. The parties should call into the Court's dedicated conference line at (888) 363-4749, and enter Access Code 468-4906, followed by the pound (#) key. **Counsel are directed to review the Court's Emergency Individual Rules and Practices in Light of COVID-19**, found at https://nysd.uscourts.gov/hon-paul-engelmayer, for the Court's procedures for telephonic conferences and for instructions for communicating with chambers.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: August 11, 2021
        New York, New York